IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**JEFFREY LAMONT BANKS,**

Petitioner,

v.   **Criminal Action No. 4:11cr99**
     **Civil Action No. 4:14cv41**

**UNITED STATES OF AMERICA,**

Respondent.

## OPINION & ORDER

This matter is before the Court pursuant to pro se Petitioner Jeffrey Lamont Banks' ("Banks" or "Petitioner") Motion under 28 U.S.C. § 2255 to Vacate Set Aside, or Correct Sentence by a Person In Federal Custody ("Motion" or "§ 2255 Motion"). Doc. 159. After careful consideration of each of the four grounds for relief raised in Petitioner's Motion, and for the reasons stated herein, the Court **WITHHOLDS** ruling on Ground I insofar as it requests relief associated with the first round of plea negotiations. The Court **ORDERS** an evidentiary hearing be set solely to make factual findings as to the nature of the advice Petitioner received from counsel pursuant to the first plea bargain.

As to the remaining allegations, the Court **FINDS** that no hearing is necessary as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and **DENIES** Petitioner's § 2255 Motion in so far as it requests relief on the remaining allegations in Ground I and on Grounds II, III, and IV.

## I. BACKGROUND

### A. Factual Background

From approximately early 2000 and continuing through November 2011, Petitioner Jeffrey Lamont Banks ("Banks" or "Petitioner"), in partnership with co-defendant Brian Lee Morton ("Morton"), participated in a conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. On March 20, 2008, police officers working in a Newport News hotel first encountered Banks, who allegedly dropped a bag of heroin from the hotel window when the officers came knocking. Br. of Resp't-Appellee at 6, United States v. Banks, 505 Fed. Appx. 231 (4th Cir. 2013) (No. 12-4562, 12-4566). The bag contained twenty-five (25) individual bags of heroin and a small amount of marijuana. Id. In December 2008, Petitioner plead guilty to a qualifying felony drug offense in Virginia state court stemming from this incident. Doc. 159 at 5A, 5E. Police officers continued their investigation of Banks and Morton following Petitioner's state court conviction, talking to their customers and monitoring their activities, until Morton was arrested on December 13, 2010. Resp't Br. at 9-10. Following Morton's arrest, police continued to monitor Morton's customers, which lead to Banks' indictment in November of 2011. See id. at 9-13. Although witnesses identified Banks and Morton as partners, "Banks was consistently identified as the leader between them." Id. at 13.

### B. Procedural History

On November 7, 2011, Petitioner was indicted by a federal grand jury on One Count of Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. § 846, and Three Counts of Distribution and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1). Doc. 1. Attorney James Whitus ("counsel" or "Mr. Whitus") was appointed to represent Banks on November 10, 2011, Doc. 8, and represented him

throughout his trial and appeal. Sometime in December 2011, the United States presented Banks with a plea agreement in which Banks could have plead guilty only to Count One of the indictment. Doc. 167, Ex.1 at 1. In exchange, the Government agreed to dismiss the remaining Counts and to not file an information under 21 U.S.C. 851(b)(1)(A) ("Section 851") to establish Banks' 2008 state felony, which would have increased his mandatory minimum sentence from ten (10) years to twenty (20) years. See Doc. 159 at 5A. After consulting with Mr. Whitus, who recommended Petitioner accept the plea bargain and the potential ten (10) year minimum it offered, Petitioner elected to reject the Government's offer and proceed to trial. Id. at 5B.

In response to Banks rejection, the Government filed the requisite Section 851 information on January 26, 2012, establishing Banks' prior 2008 state felony. Doc. 41. On February 6, 2012, a five day jury trial was held before this Court, and the jury returned a verdict of not guilty as to Count Four of the indictment but was hung as to the remaining counts. Doc. 167 at 2. The Court declared a mistrial and granted the Government's Motion to Retry the case. Doc. 53. Banks was retried on April 11, 2012, and after a four day trial, the jury returned guilty verdicts on Counts One and Two of the indictment. Doc. 162 at 2. Only July 9, 2012, Banks was sentenced to 240 months imprisonment and ten (10) years supervised release. Id. Petitioner timely appealed his convictions, which were affirmed by the United States Court of Appeals for the Fourth Circuit on January 11, 2013. United States v. Banks, 505 F. App'x 231 (4th Cir. 2013) (unpublished). Petitioner's convictions became final on April 11, 2013, and his § 2255 Motion was timely filed with this Court on April 11, 2014. Doc. 159.

**C. Section 2255 Motion**

Petitioner raised four possible grounds for relief in his § 2255 Motion. Each ground, with the partial exception of Ground III, raises an ineffective assistance of counsel claim against Mr.

3

Whitus: (1) Ground I alleges ineffective assistance of counsel in determining whether or not to accept the first plea offer; (2) Ground II alleges ineffective assistance of counsel in failing to object to certain sentence enhancements; (3) Ground III alleges that Petitioner's Sixth Amendment rights were violated when the Court failed to consider, and Mr. Whitus failed to raise, what was then the Supreme Court's recent decision in <u>Southern Union Co. v. United States</u>, 132 S.Ct. 2344 (2012); and (4) Ground IV alleges ineffective assistance of counsel on appeal. Doc. 167 at 2; <u>see also</u> Doc. 159. On August 7, 2014, the Court ordered the United States to respond to Petitioner's claims, and it did so on October 7, 2014. Docs. 163, 167. Petitioner replied on November 13, 2014. Doc. 169. The Court will address each of Petitioner's alleged grounds for relief in turn.

## II. LEGAL STANDARDS

### A. Motions Pursuant to Section 2255

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors that would otherwise "'inherently result[] in a complete miscarriage of justice.'" <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)). In order to move the Court to vacate, set aside or correct a sentence under Section 2255, a petitioner must prove that one of the following occurred: (1) his "sentence was imposed in violation of the Constitution or laws of the United States;" (2) the Court was without jurisdiction to impose such a sentence; (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner bears the burden of proving grounds for collateral review by a preponderance of the evidence. <u>Miller v. United States</u>, 261 F.2d 546, 547 (4th Cir. 1958); <u>Hall v. United States</u>, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998). Although the doctrine of procedural default generally bars claims not

previously raised, a freestanding claim of ineffective assistance of counsel may be properly asserted for the first time in a Section 2255 petition. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). Generally, an evidentiary hearing is required under Section 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. United States v. Witherspoon, 231 F.3d 923, 925–26 (4th Cir. 2000); see also 28 U.S.C. § 2255(b).

## B. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, Petitioner must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires Petitioner to "'show that counsel's representation fell below an objective standard of reasonableness.'" Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000) (quoting Strickland, 466 U.S. at 688). Petitioner's counsel is entitled to a "'strong presumption'" that his strategy and tactics fell "'within the wide range of reasonable professional assistance.'" United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (quoting Strickland, 466 U.S. at 689). The second prong of the Strickland test requires Petitioner to demonstrate prejudice by showing "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bacon, 225 F.3d at 478 (quoting Strickland, 466 U.S. at 694). Petitioner's failure to satisfy either of the two prongs renders it unnecessary to consider the other prong. Roane, 378 F.3d at 404.

## III. ANALYSIS

### A. Ground I – Ineffective Assistance of Counsel in Plea Negotiations

*i. Plea Negotiations Prior to the First Trial*

Petitioner's primary contention is that counsel failed to warn him during the first round of plea negotiations that if he rejected the plea offer of ten (10) years and proceeded to trial, the

Government could file an information under Section 851 to establish his 2008 state felony, increasing his mandatory minimum sentence from ten (10) to twenty (20) years if convicted. See Doc. 160 at 1. Petitioner claims that due to counsel's omissions, he did not accept the plea agreement because he saw no benefit to the bargain, believing he might receive the same ten (10) year sentence if convicted at trial. Id. at 10. Petition also states that Mr. Whitus never explained to him how he could receive a three-level reduction under the sentencing guidelines for pleading guilty, but does not argue the point persuasively as he received the minimum sentence. Id.

> When asserting an ineffective assistance claim in the context of a plea negotiations,
>
> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence.

Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012). "[A]fter the fact testimony concerning [a defendant's] desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Berry v. United States, 884 F. Supp. 2d 453, 463 (E.D. Va. 2012) (quoting Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991)) (alteration in original). The Fourth Circuit has clarified that a petitioner's testimony must be credible. Merzbacher v. Shearin, 706 F.3d 356, 367 (4th Cir. 2013).

Petitioner admits that Mr. Whitus informed him of the Government's offer and explained that the Government was willing to drop the remaining charges if he plead guilty to Count One of the indictment. Doc. 159 at 8–9. Petitioner stated that not only did Mr. Whitus tell him to accept the plea offer, Mr. Whitus continuously urged him to do so. Id. at 8, 10. Further, Petitioner admits that Mr. Whitus "reviewed the discovery materials and told me my conviction was certain, as both drug sources and drug customers were going to testify." Id. at 10. Banks'

primary contention, however, is that he specifically told Mr. Whitus he did not want to plead guilty "because my minimum sentence was going to be ten (10) years regardless of whether I plead guilty or was convicted by a jury," and Mr. Whitus never corrected Petitioner's assumption that the minimum would be ten (10) years, not twenty (20), if convicted at trial. Id.

Mr. Whitus submitted an affidavit in response to Petitioner's claims, and contrary to Petitioner's recollection, stated the following:

> Prior to the first trial, on January 26, 2012, the government filed notice of possible enhanced punishment, with its' intention at trial to introduce a prior drug conviction of Mr. Banks. This meant that, if convicted, Mr. Banks faced a mandatory twenty years in prison, vice ten years. Mr. Banks was aware of this potential outcome and he and I discussed it extensively on numerous occasions.
>
> . . .
>
> I warned Mr. Banks that if he did not accept the offer, prior to trial the government would file a sentencing enhancement under Title 21 U.S.C. sec. 851. I explained to Mr. Banks this would mean if convicted, he would face a mandatory twenty years in prison, vice ten.

Doc. 167, Ex. 1 at 3, 4–5. The testimonies of Mr. Whitus and Petitioner conflict in this matter, but during Petitioner's second trial on April 12, 2012, the following parley took place between Petitioner and the Court:

| | |
|---|---|
| THE COURT: | Okay. Well, Mr. Banks, I'll ask you first because you're the first named defendant, but did you have a chance to discuss these plea offers with your attorney? |
| DEFENDANT BANKS: | Yes, Sir, I went over it. |
| THE COURT: | And, did you decide that you did not want to accept either plea offer? |
| DEFENDANT BANKS: | Yes. I decided I didn't want to accept it. |
| THE COURT: | So you decided you wanted to go to trial? |

7

DEFENDANT BANKS: <u>Yes, sir, because, I mean, the plea offer was basically the same as how much time I can get if I didn't take the plea.</u>

Second Trial Tr. at 384–85 (emphasis added). Counsel Whitus neither objected to nor corrected Banks' statement; although, it is not clear from the transcript whether Banks was referring to the first plea offer, where the minimum sentence would have been ten (10) years, or the Government's renewed plea offer after the first trial, where the minimum sentence would have been twenty (20) years. If Banks was referring to the renewed plea offer, then his statement to the Court that the offer was "basically the same" as the minimum time he could get if convicted was accurate. If Banks was referring to the first plea offer, however, then this statement may collaterally support his contention that he misunderstood the implications of rejecting it.

The first prong of the Strickland test requires Petitioner to "'show that counsel's representation fell below an objective standard of reasonableness.'" Bacon, 225 F.3d at 478 (quoting Strickland, 466 U.S. at 688). Assuming evidence is established and Petitioner prevails on this prong, he must then prove that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 694) (internal quotation marks omitted). The Government does not question Banks' contention that had he accepted the first plea offer, he would have likely been sentenced to ten (10) years imprisonment, as opposed to the twenty (20) year sentence eventually imposed. The result of the proceedings, therefore, might have been markedly different.

If Banks prevails under Strickland, he must then establish that but for counsel's ineffective assistance, he would have accepted the plea offer. Lafler, 132 S.Ct. at 1384. Banks has stated that "but for counsel's erroneous advice that his minimum sentence of 10 years would not increase if he went to trial . . . , he would have accepted the plea offer." Doc. 160 at 3–4.

8

The Government contends that Petitioner has presented no evidence that he ever intended to plead guilty, and at trial he even maintained his innocence under oath. Doc. 167 at 15. Courts in this district have held that after the fact testimony alone is insufficient to establish that a petitioner would have accepted a plea offer. See Berry, 884 F. Supp. 2d at 463. Petitioner's statement to the Court that he did not take an unspecified plea offer **because** he believed it was equivalent to how much time he would receive if he went to trial, however, is at least circumstantial evidence that if he had understood the situation to be different, he may have accepted the first plea offer.

If Banks prevails on this factor, he must also establish that the Court could have accepted the plea and that its terms would have been less severe than those of the judgment imposed. Having reviewed the plea bargain, the Court **FINDS** that the terms were reasonable and the Court could have accepted them under the circumstances. The Court also **FINDS** that the terms of the plea bargain were objectively less severe than those of the final judgment. After careful review of the pleadings and evidence before the Court, the Court **FINDS** an evidentiary hearing is necessary in order to make factual findings as to the nature of the advice Petitioner received from counsel related to the first plea bargain. Although it is not clear from the record that Petitioner is entitled to relief, it is also not clear from the record that Petitioner is **not** entitled to relief. As such, the Court **ORDERS** an evidentially hearing be set solely on this matter.

*ii. Plea Negotiations after the First Trial*

Petition further contends that, following the first trial, counsel failed to present Banks' offer to plead guilty under the terms of the first plea bargain to the Government. Doc. 106 at 13. Petitioner claims he told Mr. Whitus that he would agree to plead guilty if the Government agreed to withdraw the Section 851 information establishing his 2008 state felony conviction.

9

Id. at 14. At that time, the Government had offered Petitioner the opportunity to plead guilty to Count One as the charge stood, but with the now twenty (20) year minimum sentence. Doc. 167 at 9. The Supreme Court has held that "there is no constitutional right to plea bargain," Weatherford v. Bursey, 429 U.S. 545, 561 (1977); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297 n.19 (4th Cir. 1992), and although Petitioner believed withdrawal of the Section 851 enhancement was an option, counsel did not. Doc. 167 at 13. According to Mr. Whitus, after the mistrial "Mr. Banks was full of confidence that he would be acquitted in a second trial and not at all interested in pleading guilty to anything." Doc. 167, Ex. 1 at 5–6. Mr. Whitus also stated that he "knew of no defense to the government using the 851 enhancement against Mr. Banks at any point" during the representation, and that "[b]ecause evidence of the conspiracy ranged for more than a decade, from 2000 to 2011, and the prior Virginia conviction occurred in 2008, it was my view at the time the enhancement was appropriate and could be used against my client." Id. at 6.

Counsel's performance in this matter did not fall below an objective standard of reasonableness. Petitioner had no constitutional right to a plea bargain, and counsel was only required to "1) notify the client of the plea offer; 2) advise the client of the option to proceed to trial; 3) present the client with the probable outcomes of both the guilty and sentencing phases of each alternative; and 4) permit the client to make the ultimate decision." Clark v. United States, No. 10cv640, 2012 WL 253436, at *2 (D. Md. 2012) (citing Jones v. Murray, 947 F.2d 1106, 1110–11 (4th Cir. 1991)). Counsel was not required to seek an alternative plea bargain when he knew of no defenses to using the 851 enhancement and believed the enhancement was appropriately filed. Accordingly, the Court **FINDS** that counsel's performance fell "within the

wide range of reasonable professional assistance" appropriate in the present matter. Strickland, 466 U.S. at 689.

**B. Ground II – Ineffective Assistance of Counsel at Sentencing**

In his § 2255 Motion, Petition argues that counsel was ineffective during sentencing for the following reasons: (1) failure to object to Petitioner's Section 851 sentencing enhancement; (2) failure to object to the sufficiency of the factual allegations for guideline enhancements in the PSR; and (3) failure to advise Petitioner of his procedural rights under 21 U.S.C. § 851 and object when the Court did not do so. Doc. 160 at 4. Petitioner argues that but for counsel's performance, there was a reasonable probability he would have received a lesser sentence and/or supervised release term. Id. at 5.

*i. Failure to Challenge Sentencing Enhancement*

Following Petitioner's rejection of the first plea offer, the Government filed an information establishing Petitioner's December 12, 2008 state court conviction, which if convicted of the charged offenses, increased his mandatory minimum sentence from ten (10) to twenty (20) years. Doc. 167 at 16. Petitioner asserts counsel was ineffective in failing to challenge this enhancement on the following grounds: (1) The 2008 state conviction was not "prior" to the conspiracy offense charged in Count One of the indictment; (2) the seizure of the heroin and marijuana on March 21, 2008 was a single "criminal episode," so the state court conviction cannot be used to enhance the federal charge; and (3) there is no proof Petitioner continued to participate in the conspiracy charged in Count One of the indictment after his 2008 state court conviction.[1] Docs. 167 at 16; 160 at 4–5. Petitioner's contentions are without merit.

---

[1] Petitioner's third contention sets forth an alternative argument should the Court find the 2008 state conviction was prior to the conspiracy offense within the meaning of Section 851.

11

### a. Prior Conviction

In the Fourth Circuit, "[w]hen a defendant is convicted of a drug conspiracy under 21 U.S.C. § 846, prior felony drug convictions that fall within the conspiracy period may be used to enhance the defendant's sentence if the conspiracy continued after his earlier convictions were final." United States v. Smith, 451 F.3d 209, 224–25 (4th Cir. 2006). Petitioner's contention that counsel should have objected to the enhancement because his December 2008 conviction was not a "prior conviction" is baseless under this doctrine. At the second trial, witnesses testified that the conspiracy between Petitioner and Morton existed prior to 2008, see Second Trial Tr. at 176–79, and Petitioner was indicted by a grand jury on drug conspiracy charges pursuant to Title 21, United States Code, Section 846 on November 7, 2011, when the conspiracy was determined to have ended. Doc. 125 at 1. Accordingly, Petitioner's December 2008 offense fell within the conspiracy period, and it was permissible for the Government to use Petitioner's state court conviction to enhance his minimum sentence by filing the Section 851 information. Counsel was not required to object to the enhancement on this ground, and his non-objection to a clear application of law to facts was not unreasonable under the circumstances.

### b. Single Criminal Episode

Petitioner also claims that counsel should have objected to the Section 851 sentencing enhancement because Banks' state and federal convictions arose out of the same "criminal episode." In support of his contention, Petitioner relies on the Fourth Circuit's decision in United States v. Blackwood, 913 F.2d 139 (4th Cir. 1990). In Blackwood, the Fourth Circuit held that, for purposes of "stairstep" sentencing enhancements under Section 841(b), Congress intended "that the predicate convictions should have occurred on occasions 'distinct in time.'" Id. at 147 (emphasis added). Petitioner's reliance on Blackwood is misplaced. There, the court found that

when two predicate convictions arose out of a single criminal episode, the Government could not seek a ten (10) year sentencing enhancement as to each individual conviction. Id.

In state court, Petitioner was convicted of Possession of Marijuana with Intent to Distribute, in violation of Virginia Code Section 18.2-248.1(a)(2), from an offense that took place on March 20, 2008. Doc. 41 at 1, Ex. 1 at 1. In federal court, Petitioner was convicted of Possession of Heroin with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), from an offense occurring around March 21, 2008. Doc. 1 at 2. These convictions are distinct, and Blackwood is not applicable to the analysis. Counsel did not act unreasonably in not objecting to the sentencing enhancement on these grounds, as there was no legal basis for doing so.

### c. Continued Participation in Conspiracy

Lastly, Petitioner contends that counsel was ineffective when he did not object to the Court's consideration of the 2008 state offense as a prior conviction "because the record at sentencing did not prove beyond a reasonable doubt that BANKS continued his participation in the conspiracy offense after being convicted in 2008." Doc. 160 at 5. The jury found Banks guilty on Count One of the indictment, which alleged Petitioner continuously participated in the charged conspiracy from early 2000 through November 2011. Doc. 99 at 1; Doc. 1 at 1. As counsel stated, "[b]ecause evidence of the conspiracy ranged for more than a decade, from 2000 to 2011, and the prior Virginia conviction occurred in 2008, it was my view at the time the enhancement was appropriate and could be used against my client." Id. at 6. Counsel was not ineffective in failing to object on this ground, as there was no legal basis for doing so at the sentencing stage.

13

### ii. *Failure to Object to PSR Enhancements*

Here, Petitioner argues that counsel failed to object to the sentencing enhancements set forth in the PSR for Banks' leadership role in the conspiracy and obstruction of justice, Sections 3B1.2(c) and 3C1.1 respectively. Doc. 160 at 29. Although the record clearly supports these enhancements, even with the four level increase under sections 3B1.2(c) and 3C1.1, Petitioner cannot show "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bacon, 225 F.3d at 478 (quoting Strickland, 466 U.S. at 694). Petitioner received the mandatory minimum sentence of twenty (20) years, and as such, even a successful objection to the four level enhancement would have had no bearing on the proceedings. Petitioner cannot meet the second prong of the Strickland test, so it is unnecessary to analyze the first.

### iii. *Failure to Advise of Rights under Section 851*

Lastly, Petitioner contends that counsel failed to both advise him of his rights under Title 21, United States Code, Section 851(c) and object when the Court did not explicitly advise him of his rights under Section 851(b). Doc. 160 at 4. Pursuant to Section 851(b), when an information is filed to establish a previous conviction, before pronouncing the sentence the court should ask defendant whether he affirms or denies the prior conviction and inform him that, once sentenced, he may not challenge the prior conviction to attack the sentence. 21 U.S.C. § 851(b). The Fourth Circuit has held that "literal compliance with the Rule [§ 851(b)] is not necessary if it is clear from the circumstances that the defendant does not contest the validity of his prior convictions." United States v. Hagler, 371 F. App'x 423, 427 (4th Cir. 2010) (per curium). At sentencing, Petitioner was asked if he had an opportunity to review the PSR with his attorney, and he stated that he had. Sentencing Tr. at 3. Petitioner was then asked if, with the exception of

an arrest that did not result in a conviction, the PSR accurately stated his criminal background, which included the 2008 state conviction. Id. Petitioner responded, "Yes, sir, it did, except for a couple things, and he said he got them straight," referring in context to the arrest that did not result in conviction. Id.

Counsel did not act unreasonably in his non-objection to Petitioner's Section 851(b) claim. Petitioner confirmed the prior conviction established by the Section 851 information before the Court, and accordingly, the Court was not required to explicitly ask Petitioner whether he affirmed or denied it. Further, Section 851(c) is only applicable if a defendant "<u>denies</u> any allegation of the information of prior conviction." 21 U.S.C. § 851(c)(1); see <u>United States v. Kellam</u>, 568 F.3d 125, 142 (4th Cir. 2009) (emphasis added). At the time, Petitioner admitted to the accuracy of the PSR and did not deny the 2008 state court conviction. Counsel had no reason to advise Petitioner of his rights under Section 851(c) following Banks' ratification of the PSR, and was not required to do so only to avoid an ineffective assistance of counsel claim.

### c. Conclusion

The Court **FINDS** that counsel's performance fell "within the wide range of reasonable professional assistance" appropriate in the present matter, <u>Strickland</u>, 466 U.S. at 689, and **DENIES** relief as to Ground II of Petitioner's Motion.

### C. Ground III – Court's Failure to Adhere to <u>Southern Union Co. v. United States</u>, 132 S.Ct. 2344 (2012) & Ineffective Assistance of Counsel for Non-Objection

Petitioner argues that during sentencing, the Court engaged in unauthorized judicial factfinding in violation of his Sixth Amendment right to trial by jury. Specifically, Petitioner claims that when the Court permitted the Section 851 enhancement, it would have necessarily had to "find" that the conspiracy persisted from at least early 2008 until 2011. Doc. 160 at 33. Petitioner relies on the Supreme Court's decision in <u>Southern Union Co. v. United States</u>, 132

15

S.Ct. 2344 (2012), and its predecessor, Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." 530 U.S. at 490 (emphasis added). In Southern Union Co., the Supreme Court held that this principle applied to increases in criminal fines beyond the prescribed maximum. 132 S.Ct. at 2357.

Petitioner's reliance on these cases is misplaced. When the Government filed the Section 851 information to establish his 2008 felony, even though it enhanced Petitioner's mandatory minimum term of imprisonment from ten (10) to twenty (20) years, the statutory maximum for the charged offense was not affected because the maximum was life. See United States v. Jamison, No. 06–4865, 2007 WL 2012389, at *1 (4th Cir. 2007) (per curium). The jury found Banks guilty on Count One of the indictment, which alleged Petitioner continuously participated in the charged conspiracy from early 2000 through November 2011. Doc. 99 at 1; Doc. 1 at 1; see supra Part III.B.i.c. Accordingly, the Court did not engage in unauthorized judicial factfinding when it permitted the Section 851 enhancement to increase Petitioner's minimum sentence. Counsel was not ineffective in failing to object on this ground, as there was no legal basis for doing so. The Court **FINDS** that counsel's performance fell "within the wide range of reasonable professional assistance" appropriate in the present matter, Strickland, 466 U.S. at 689, and that Petitioner's Sixth Amendment rights were not violated. As such, the Court **DENIES** relief as to Ground III of Petitioner's § 2255 Motion.

### D. Ground IV – Ineffective Assistance of Counsel on Appeal

Lastly, Petitioner claims that counsel's failure to raise on appeal the relief argued for in Grounds II and III of Petitioner's Motion amounted to ineffective assistance of counsel. Doc.

160 at 41. The Fourth Circuit has held that on appeal "[c]ounsel's strategic decision to selectively brief and argue what, in his professional judgment, were [] [Petitioner's] strongest claims does not render counsel constitutionally deficient under Strickland." Fitzgerald v. Greene, 150 F.3d 357, 369 (4th Cir. 1998). Not only is counsel "not obligated to assert all nonfrivolus issues on appeal," Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000), counsel is not obligated to assert arguments with negligible merit. "Winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Id. (quoting Smith v. Murray, 477 U.S. 527, 536 (1986)) (internal quotation marks omitted).

The Court has already determined that Grounds II and III of Petitioner's § 2255 Motion lack merit. See supra Part III.B, III.C. Accordingly, counsel's performance fell "within the wide range of reasonable professional assistance" appropriate in the present matter when he chose not to raise those issues on appeal, Strickland, 466 U.S. at 689, and the Court **DENIES** relief as to Ground IV of Petitioner's Motion.

## IV. CONCLUSION

For the reasons stated herein, the Court **WITHHOLDS** ruling on Ground I insofar as it requests relief associated with the first round of plea negotiations. The Court **ORDERS** an evidentiary hearing be set solely to make factual findings as to the nature of the advice Petitioner received from counsel pursuant to the first plea bargain.

As to the remaining allegations, the Court **FINDS** that no hearing is necessary as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Petitioner's § 2255 Motion is **DENIED** in so far as it requests relief on the remaining allegations in Ground I and on Grounds II, III, and IV.

The Clerk is **REQUESTED** to mail a copy of this Order to Petitioner and to the counsel of record for the United States.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 29, 2015